**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| Yolanda T. Holmes, | ) | Civil Action No. 2:10-02807-JMC |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Michael J. Astrue, Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Yolanda T. Holmes ("Plaintiff") filed this action seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The matter is before the court for review of the Report and Recommendation (the "Report") of United States Magistrate Judge Bruce H. Hendricks, issued in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 D.S.C.

On January 20, 2012, the Magistrate Judge issued a Report in which she concluded that the decision of the Commissioner should be reversed under sentence four of 42 U.S.C. § 405(g) and 1383(c)(3), and the matter should be remanded to the Commissioner for the purpose of (1) further consideration of Plaintiff's credibility in relation to the effects of her arthritis and back pain; and (2) further consideration of the opinions of Plaintiff's numerous treating and examining medical sources. (ECF No. 20.) The Commissioner filed objections to the Report on March 1, 2012, to which Plaintiff filed a reply on February 23, 2012. (ECF Nos. 22 & 24.) For the reasons set forth below, the court **ACCEPTS** the Report of the Magistrate Judge and **REMANDS** the matter to the Commissioner.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a 40 year old woman, who suffers from various conditions, including asthma, chronic bronchitis, a nerve condition, thyroid disease, arthritis, hand pain, poor circulation in her feet, and a lung blockage. (Tr. 75, 81.[1]) Plaintiff is a high school graduate with two years of college education and has past relevant work experience as a caregiver, custodian, and dental assistant. (Tr. 85, 87.) Plaintiff filed her most recent application for disability insurance benefits and supplemental security income benefits on May 11, 2004, alleging that she became unable to work on March 22, 2003. (Tr. 75.) The application was denied initially on September 14, 2004, upon reconsideration on May 20, 2005, and in a decision issued by the ALJ on June 25, 2008. (Tr. 55, 59, 391-410.) The ALJ found that Plaintiff was not disabled as defined by the Social Security Act and was therefore not entitled to disability insurance benefits and/or supplemental security income benefits. (Tr. 410.) In reaching this decision, the ALJ concluded that based on Plaintiff's age, education, work experience, and residual functional capacity, she was capable of performing work that exists in significant numbers in the national economy. (Tr. 409.)

Plaintiff requested that the Appeals Council review the ALJ's June 25, 2008 decision, which request was granted and the matter was remanded to the ALJ. (Tr. 416-17.) The ALJ issued a second unfavorable decision on May 22, 2009, making substantively the same findings as in the June 25, 2008 decision. (Tr. 17-41.) The Appeals Council declined to review the May 22, 2009 decision of the ALJ and that decision became the "final decision" of the Commissioner on September 24, 2010. (Tr. 9.)

On October 29, 2010, Plaintiff commenced this action to review the Commissioner's

---

[1] The Social Security Administrative Record was not filed by Commissioner. Therefore, citation will be to the pages in the transcript of the administrative record and not to the court's electronic case filing page numbers.

denial of benefits. (ECF No. 1.)

## II.     LEGAL STANDARD AND ANALYSIS

A.     **Standard**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . . 42 U.S.C. § 405(g). "Substantial evidence has been defined inumerable times as more than a scintilla, but less than a preponderance." Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. Vitek v. Finch, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by

substantial evidence. Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." Flack v. Cohen, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." Vitek, 438 F.2d at 1157-58.

**B.     The Commissioner's Objections**

The Commissioner contends that the ALJ's evaluation of Plaintiff's credibility and medical sources is supported by substantial evidence. (ECF No. 22, pp. 1-2.) Therefore, the Commissioner contends that "even if the evidence in this case is susceptible to more than one rational interpretation, this [c]ourt cannot reweigh the evidence or substitute its own judgment for the Commissioner's where, as here, the ALJ's determination is supported by substantial evidence and free of reversible legal error." (Id. at p. 3 (citing Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990)).) Based on the foregoing, the Commissioner asserts that the Magistrate Judge "inappropriately re-weighed the evidence in this case, thereby exceeding the scope of judicial review permitted by 42 U.S.C. § 405(g)." (Id. at p. 5 (citing Huston v. Bowen, 838 F.2d 1125, 1127 (10th Cir. 1988)).) Therefore, the Commissioner urges the court to not adopt the Magistrate Judge's Report and to affirm the Commissioner's decision. (Id. at p. 6.)

In response to the Commissioner's objections, Plaintiff asks the court to reject the Commissioner's objections, adopt the Magistrate Judge's well-reasoned and thorough Report,

reverse the Commissioner's final decision, and remand this matter for further administrative action. (ECF No. 24, p. 2.)

Upon consideration of Commissioner's objections, the court finds that the Magistrate Judge performed a thorough analysis of the record, including her evaluation of the medical evidence, in reaching the conclusion that the matter should be remanded to the Commissioner for the purpose of (1) further consideration of Plaintiff's credibility in relation to the effects of her arthritis and back pain; and (2) further consideration of the opinions of Plaintiff's numerous treating and examining medical sources. Therefore, based upon the foregoing, the court finds that the Commissioner's objections to the Magistrate Judge's Report are without merit.

### III.  CONCLUSION

Upon careful consideration of the entire record, the court accepts the Magistrate Judge's Report incorporating it by reference, reverses the decision of the Commissioner pursuant to sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3), and remands the case to the Commissioner for further proceedings consistent with this decision and the Magistrate Judge's Report.

**IT IS SO ORDERED**.

*J. Michelle Childs*

J. MICHELLE CHILDS
UNITED STATES DISTRICT JUDGE

March 28, 2012
Greenville, South Carolina